UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Civil Action #: **CV11-2745**

GALVIN DUDLEY,

                                 Plaintiff,

                                                                          AMENDED COMPLAINT
                                                                          & JURY DEMAND

                -against-

Police Officers TOLOMY CAIN, YAYONFRANT
JEANPIERRE, KIADA MORAGNE, ROBERT
McNAMARA, Sergeant KURT POTTER, and THE
CITY OF NEW YORK and the New York City
Police Department,

                                 Defendants.

-------------------------------------------------------------------X

       GALVIN DUDLEY, by his attorney Steven L. Hubert, alleges the following as and for his complaint against the defendants:

## JURISDICTION

**1.**    As hereinafter more fully set forth below, this matter concerns a controversy arising from the defendants' violation of the plaintiff's rights as guaranteed by the Constitution and/or laws of the United States, as provided in 42 U.S.C. § 1983, to be free from illegal searches and seizures, police harassment and intimidation, and the malicious abuse of process. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

**2.**    Venue is proper in the Eastern District of New York as it is the situs of the events complained of and the residence of the plaintiff herein.

## PARTIES

3. Galvin Dudley is a citizen of the United States and the State of New York and is over the age of eighteen (18) years.

4. At all times relevant hereto, Galvin Dudley resided at 301 Sutter Avenue, Brooklyn, New York.

5. The City of New York is a municipal corporation duly incorporated, created and existing under the laws of the State of New York.

6. The New York City Police Department is a department or division of the City of New York.

7. At all times relevant hereto Tolomy Cain was a police officer employed by the Police Department of the City of New York.

8. At all times relevant hereto Yayonfrant Jeanpierre was a police officer employed by the Police Department of the City of New York.

9. At all times relevant hereto Kurt Potter was a police officer/Sergeant employed by the Police Department of the City of New York.

10. At all times relevant hereto Kiada Moragne was a police officer employed by the Police Department of the City of New York.

11. At all times relevant hereto Robert McNamara was a police officer employed by the Police Department of the City of New York.

12. That each police officer is sued individually and in his or her official capacity.

13. At all times relevant hereto, the defendants acted under of color of state law, and the regulations, customs and policies of the City of New York and the New York City Police Department.

## FACTS

14. That on March 11, 2010, at approximately 12:30 a.m., plaintiff Galvin Dudley was standing with a friend on the corner of Sutter Avenue and Rockaway Boulevard waiting for car service.

15. That on said date and time, without probable cause or justification, defendants Cain, Jeanpierre and McNamara, each wearing the uniform of the New York City Police Department, stopped the plaintiff and demanded to see what was in his pockets.

16. That defendants had no probable cause to stop the plaintiff or request that he show what was in his pockets.

17. That plaintiff began to record the encounter on his cell phone.

18. That the defendants surrounded the plaintiff in a menacing manner.

19. That one of the defendants placed his hand on his weapon.

20. That the actions of the defendants and each of them caused plaintiff Galvin Dudley to suffer a reasonable apprehension of imminent harmful and/or offensive contact as a direct result of said actions.

21. That plaintiff thereupon dialed "911" and reported that he was being threatened by three uniformed officers.

22. That as plaintiff waited "on hold" to be connected to internal affairs, defendant Jeanpierre attempted to grab his cell phone.

23. That as plaintiff was on the telephone, defendant Cain grabbed plaintiff's left arm, pinned it against his back, and spun him around.

24. That defendant Cain repeated struck plaintiff Galvin Dudley on and about the back of his head, causing him to drop the cell phone.

25. That, as plaintiff was forced to the ground, defendant McNamara pulled out his can of mace and threatened to mace the plaintiff, but did not do so.

26. That officer Jeanpierre picked up plaintiff's cell phone and deleted the recording that plaintiff had been making of the encounter.

27. That defendants thereupon placed plaintiff Galvin Dudley in handcuffs and placed him under arrest.

28. That plaintiff Galvin Dudley was removed to the precinct house and processed.

29. That at the precinct house, officer Jeanpierre informed defendant officer Potter that plaintiff had attempted to record the incident.

30. That defendant Potter informed plaintiff that "I should slap the shit outta you" and threw the cell phone down on the floor and against the wall until it broke into pieces.

31. That plaintiff was kept in a holding cell for approximately eight (8) hours.

32. That while in the cell, another [unidentified] officer informed plaintiff that he had killed two people in Iraq and had no problem "taking care of" plaintiff.

33. That plaintiff was subsequently removed to Central Booking, where he was again processed and placed in a holding cell.

34. That after another approximately six (6) to eight (8) hours, plaintiff was charged with disorderly conduct and released.

35. That between the time plaintiff was confronted by officers Cain, Jeanpierre and McNamara and when he was eventually released, defendants did not inform him of his rights.

4

36. That between the time plaintiff was arrested and when he was eventually released, plaintiff repeatedly requested medical attention for his injuries from the defendants, including officer Moragne.

37. That despite these requests, the defendants and each of them negligently or intentionally failed to provide plaintiff with medical attention.

38. That the entire course of conduct of the defendants and each of them was entered into and continued under the color of, and pursuant to, the policies, regulations and decisions promulgated or adopted by the defendant City and the New York City Police Department and pursuant to written and unwritten governmental custom of the New York City Police Department.

39. That each of the actions of the defendants and each of them was made in full view of the defendant City's employees, officers, staff, supervisors and/or managers.

40. That defendant City's employees, officers, staff, supervisors and/or managers made no attempt to prevent the improper conduct of the defendants or any of them against Galvin Dudley.

41. That defendant City's employees, officers, staff, supervisors and/or managers made no attempt to intervene in the improper conduct of the defendants or any of them against Galvin Dudley.

42. That at no time did the defendants or any of them have probable cause to believe plaintiff Galvin Dudley was armed or had committed or was committing a crime.

43. That at all times relevant hereto, plaintiff was unarmed and did not pose a threat of death or minor or grievous bodily injury to the defendants or any of them.

44. That the improper actions of the defendants and each of them was intended to cause plaintiff Galvin Dudley great mental pain, embarrassment, humiliation, distress, anguish and suffering, as well as severe and permanent physical and psychological injuries, including severe emotional distress.

45. That as a direct and proximate result of the improper conduct of the defendants and each of them, Galvin Dudley suffered and continues to suffer great mental pain, embarrassment, humiliation, distress, anguish and suffering, as well as severe and permanent physical and psychological injuries, including severe emotional distress.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS CAIN, JEANPIERRE
and McNAMARA:  ASSAULT**

46. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

47. That defendants Cain, Jeanpierre and McNamara, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for assault.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS CAIN, JEANPIERRE
and McNAMARA:  BATTERY**

48. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

49. That defendants Cain, Jeanpierre and McNamara and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for battery.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST ALL DEFENDANTS:
WRONGFUL IMPRISONMENT**

50. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

51. That the defendants, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for wrongful imprisonment.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS: ABUSE OF PROCESS

52. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

53. That the defendants, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for abuse of process.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS:
### ABUSE OF GOVERNMENTAL AUTHORITY

54. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

55. That the defendants, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for abuse of governmental authority.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS:
### RECKLESS ENDANGERMENT

56. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

57. That the defendants, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for reckless endangerment.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS CAIN, JEANPIERRE,
### McNAMARA and POTTER: INTENTIONAL INFLICTION

## OF SEVERE EMOTIONAL DISTRESS

58.     Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

59.     That defendants Cain, Jeanpierre, McNamara and Potter, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for intentional infliction of severe emotional distress.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANTS CAIN, JEANPIERRE,
## McNAMARA and POTTER: NEGLIGENT INFLICTION
## OF SEVERE EMOTIONAL DISTRESS

60.     Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 46, with the same force and effect as if fully set forth herein.

61.     That the conduct of the defendants and each of them was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

62.     That defendants Cain, Jeanpierre, McNamara and Potter, and each of them, acting individually and in concert, are liable to plaintiff Galvin Dudley for negligent infliction of severe emotional distress.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST THE DEFENDANT CITY: NEGLIGENCE

63.     Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 63  with the same force and effect as if fully set forth herein.

64.     That, upon information and belief, at all times pertinent hereto, the defendant City negligently and intentionally permitted and tolerated a pattern and practice of unreasonable use of force by police officers.

65. That, upon information and belief, at all times pertinent hereto, the defendant City has negligently and intentionally maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by police officers.

66. That, upon information and belief, the acts, omissions, systemic flaws, policies and customs of defendant City and the New York City Police Department caused police officers to believe that the excessive and unreasonable use of force would not be aggressively, honestly and properly investigated or punished, with the foreseeable result that officers are more likely to use excessive or unreasonable force against plaintiff and others.

67. By reason of defendant City's carelessness and negligence in failing to adequately hire, train, supervise and/or retain competent staff and employees, and failing to operate a police department in a competent and professional manner, plaintiff Galvin Dudley has suffered physical injury and extreme emotional, mental and psychological distress, humiliation and embarrassment.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY: GROSS NEGLIGENCE

68. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 68 with the same force and effect as if fully set forth herein.

69. That defendant's carelessness and negligence in failing to adequately hire, train, supervise and/or retain competent staff and employees, and failing to operate a police department in a competent and professional manner, rises to such a high degree of carelessness and negligence that defendant is liable for gross negligence.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT CITY:
### RESPONDEAT SUPERIOR

70. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 68, with the same force and effect as if fully set forth herein.

71. That in performing the tortious acts alleged herein, the individual defendants and each of them used the power and authority conferred upon them by the defendant City and the New York City Police Department as an employee with direct access to and serving members of the public.

72. That it was predictable and foreseeable, given the defendant City's and New York City Police Department's negligent hiring, training, supervision and retention of the individual defendants and each of them, as well as its other employees, and failure to operate a police department in a competent and professional manner, that the individual defendants or someone in the position of the individual defendants would engage in tortious and assaultive conduct.

73. That, as such, the conduct of the individual defendants and each of them toward plaintiff Galvin Dudley was incident to their agency with the defendant City and the New York City Police Department, so as to be fairly attributable to the defendant City.

74. That the defendant City is liable to plaintiffs in *respondeat superior*.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS:
### VIOLATION OF CONSTITUTIONAL RIGHTS [42 U.S.C. § 1983]

75. Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs 1 – 75 with the same force and effect as if fully set forth herein.

76. That the defendant officers and each of them acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory

and constitutional rights of the plaintiff. The actions of the defendant officers and each of them constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

77. That the actions of the defendants and each of them constitute a deprivation of plaintiff's rights pursuant to the Constitution of the United States, including those pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments, including, but not limited to, his right to due process of law, to be free from illegal searches and seizures, police harassment, beatings and intimidation.

78. That the defendants, and each of them, were not justified in their actions which resulted in the deprivation of plaintiff's rights.

79. That prior hereto on May 12, 2010, and within the time prescribed by law, a sworn Amended Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the Comptroller of the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

80. In compliance with Section 513(h) of the General Municipal Law, a hearing by an officer of the Comptroller of the City of New York, was duly held on July 2, 2010, at 225 Broadway, New York, New York.

81. That this action was commenced on June 7, 2011, within one year and ninety days after accrual of these causes of action, or within the time allowed by law.

**WHEREFORE**, plaintiff, demands judgment against each of the defendants in a sum in excess of One Million Dollars ($1,000,000) on each cause of action, as well as exemplary damages, his reasonable attorneys fees and costs of this action, attorney fees as per 42 USC § 1988, and as such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
September 7, 2011

_____
STEVEN L. HUBERT, Esq.
Attorney for Plaintiff Galvin Dudley
32 Court Street, Suite 207
Brooklyn, New York 11201
(718) 522-4646

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GALVIN DUDLEY,

        Plaintiff,

        -against-

Police Officers TOLOMY CAIN,
YAYONFRANT JEANPIERRE,
KIADA MORAGNE, ROBERT McNAMARA,
Sergeant KURT POTTER,
THE CITY OF NEW YORK and
the NEW YORK CITY POLICE DEPARTMENT,

        Defendants.

Civil Action #: CV11-2745

AMENDED COMPLAINT
& JURY DEMAND

---

## AMENDED COMPLAINT with JURY DEMAND

---

STEVEN L. HUBERT
Advocate & Counselor at Law
Attorney for Plaintiff
32 Court Street, Suite 207
Brooklyn, N.Y. 11201
(718) 522-4646

13