UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GALVIN DUDLEY,

                              Plaintiff,

-against-

POLICE OFFICER TOLOMY CAIN, et al.,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

Jury Trial Demanded

11 Civ. 2745 (JBW)(JO)

      Defendants[1] The City of New York, Tolomy Cain, Yayonfrant Jeanpierre, Kiada Moragne, Robert McNamara and Kurt Potter, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Amended Complaint, dated September 7, 2011, (the "amended complaint") respectfully:

      1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to base venue in this district as stated therein.

      3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

      4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the amended complaint.

      5. Admit the allegations set forth in paragraph "5" of the amended complaint.

---

[1] The New York City Police Department is not a suable entity. See, e.g., Marte v. New York City Police Dep't, 10 Civ 3706 (PKC), 2010 U.S. Dist. LEXIS 109932, at *3-4 (S.D.N.Y. Oct. 12, 2010).

6. Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that the City maintains a police department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that on March 11, 2010, Tolomy Cain was employed by the City as a police officer.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that on March 11, 2010, Yayonfrant Jeanpierre was employed by the City as a police officer.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that on March 11, 2010, Kurt Potter was employed by the City as a police sergeant.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that on March 11, 2010, Kiada Moragne was employed by the City as a police officer.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that on March 11, 2010, Robert McNamara was employed by the New York City Police Department as a police officer.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except state that the allegation that "defendants acted under of [sic] color of state law" is a conclusion of law which does not require a response.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint, except admit that on March 11, 2010, Cain and Jeanpierre, while in NYPD uniform, stopped plaintiff.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the status of any telephone call.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. Deny the allegations set forth in paragraph "26" of the amended complaint.

27. Deny the allegations set forth in paragraph "27" of the amended complaint, except admit that plaintiff was handcuffed and arrested.

28. Deny the allegations set forth in paragraph "28" of the amended complaint, except admit that plaintiff was transported to the precinct stationhouse.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Deny the allegations set forth in paragraph "32" of the amended complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint, except admit that plaintiff was transported to a central booking facility.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. Deny the allegations set forth in paragraph "40" of the amended complaint.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. Deny the allegations set forth in paragraph "43" of the amended complaint.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. In response to the allegations set forth in paragraph "46" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. In response to the allegations set forth in paragraph "48" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. In response to the allegations set forth in paragraph "50" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. In response to the allegations set forth in paragraph "52" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. In response to the allegations set forth in paragraph "54" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

55. Deny the allegations set forth in paragraph "55" of the amended complaint.

56. In response to the allegations set forth in paragraph "56" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. In response to the allegations set forth in paragraph "58" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. In response to the allegations set forth in paragraph "60" of the amended

complaint, defendants repeat the responses set forth in the previous paragraphs.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. In response to the allegations set forth in paragraph "63" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. In response to the allegations set forth in paragraph "68" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

69. Deny the allegations set forth in paragraph "69" of the amended complaint.

70. In response to the allegations set forth in paragraph "70" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. In response to the allegations set forth in paragraph "75" of the amended complaint, defendants repeat the responses set forth in the previous paragraphs.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. Deny the allegations set forth in paragraph "79" of the amended complaint, except admit that a document purporting to be an Amended Notice of Claim on behalf of plaintiff was received by the Comptroller's Office, that the Comptroller has not paid or adjusted plaintiff's claim and that plaintiff has commenced this action.

80. Deny the allegations set forth in paragraph "80" of the amended complaint, except admit that a hearing was held on July 2, 2010.

81. Deny the allegations set forth in paragraph "81" of the amended complaint, except admit that this action was commenced on June 7, 2011.

### FIRST AFFIRMATIVE DEFENSE

82. The amended complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

83. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has they violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

84. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### FOURTH AFFIRMATIVE DEFENSE

85. At all times relevant to the acts alleged in the amended complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

**FIFTH AFFIRMATIVE DEFENSE**

86. To the extent that plaintiff has asserted any claims pursuant to state law against defendant, they are barred, in whole or in part, for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e, 50-i and/or 50-h.

**SIXTH AFFIRMATIVE DEFENSE**

87. There was probable cause for plaintiff's arrest and prosecution.

**SEVENTH AFFIRMATIVE DEFENSE**

88. The New York City Police Department is not a suable entity.

**EIGHTH AFFIRMATIVE DEFENSE**

89. Plaintiff failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

90. Punitive damages cannot be assessed against the City and the individual defendants in their official capacities.

**TENTH AFFIRMATIVE DEFENSE**

91. Defendants Cain, Jeanpierre, Moragne, McNamara and Potter did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

92. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of the jurisdiction.

**WHEREFORE,** Defendants The City of New York, Tolomy Cain, Yayonfrant Jeanpierre, Kiada Moragne, Robert McNamara and Kurt Potter demand judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

- 9 -

Dated:     New York, New York
            December 23, 2011

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants THE CITY OF NEW YORK TOLOMY CAIN, YAYONFRANT JEANPIERRE, KIADA MORAGNE, ROBERT MCNAMARA and KURT POTTER
                        100 Church Street, Room 3-126
                        New York, New York 10007
                        (212) 788-6405/(212) 788-9776 (fax)
                        bkuruvil@law.nyc.gov

                        By:      /s/
                              Ben Kuruvilla
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

TO:     Steven Hubert, Esq.   **Via ECF**
          *Attorney for plaintiff*